(No. 91-CC-0177– )

REGUGIO RAYGOZA and ALLSTATE INSURANCE CO., as Subrogee, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 31, 1992.*

SIMON, MCCLOSKY & SCOVELL, for Claimant.

ROLAND W. BURRIS, Attorney General (STEVEN SCHMALL, Assistant Attorney General, of counsel), for Respondent.

## OPINION

JANN, J.

This claim sounding in tort was brought for property damages to Claimant Raygoza's automobile arising out of a collision with Illinois State Police Officer, Ivan Martinez, on August 3, 1989.

Claimant was northbound on Damen Avenue, Chicago, Illinois, and Officer Martinez was eastbound on 23rd Street. Officer Martinez testified that he was pursuing an alleged offender in a vehicle which had failed to stop at the stop sign on 23rd Street at Damen Avenue. Officer Martinez was driving an unmarked police car and stated he had activated a mars light which he had placed and held on the dash prior to arriving at the intersection in question. He testified that as he entered the intersection, he thought Claimant was going to yield even though

there was no traffic control signal applicable to Claimant.

Claimant testified he saw a white vehicle come into the intersection from 23rd Street without making a complete stop. The white car cut in front of him and proceeded north on Damen. This vehicle was the object of Officer Martinez' pursuit. Claimant slowed down to avoid colliding with the errant vehicle before crossing the intersection. He slammed on his brakes but was unable to avoid the collision with Officer Martinez' car which was in pursuit of the white car. Claimant never saw the flashing mars light prior to the collision.

Evidence of property damage to Claimant's vehicle was presented. Repairs totaled $1,254.19. Claimant was paid $754.19 by Allstate Insurance Company and paid a deductible of $500.

Assuming, *arguendo*, that Officer Martinez was displaying the mars light on his dash immediately preceding the collision, it is still the responsibility of the police officer to make sure that a vehicle operating legally with the right-of-way is going to stop before entering an intersection. The cause of this collision was the officer's failure to yield the right-of-way to Claimant's vehicle. Claimant's property damage was the proximate result of Respondent's negligence.

Wherefore, Claimant is awarded $500 for the deductible amount of his insurance policy and Allstate Insurance Company, as subrogee, is awarded $754.19 for repair of the vehicle.